**Andrew P. Holland/Bar No. 224737**
aholland@thoits.com
**Mark V. Boennighausen/Bar No. 142147**
mboennighausen@thoits.com
**Erin M. Doyle/Bar No. 233113**
edoyle@thoits.com
**Misasha S. Graham/Bar No. 237187**
mgraham@thoits.com
**THOITS LAW**
A Professional Law Corporation
400 Main Street, Suite 250
Los Altos, California 94022
Telephone: (650) 327-4200
Facsimile: (650) 325-5572

**Attorneys for Plaintiffs**
**M/A-COM Technology Solutions Inc.**
**and Mindspeed Technologies, S.A.S.**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| M/A-COM TECHNOLOGY SOLUTIONS INC., a Delaware corporation; MINDSPEED TECHNOLOGIES, S.A.S., a French corporation,<br><br>Plaintiffs,<br><br>v.<br><br>LITRINIUM, INC., a Delaware corporation; JEROME GAREZ, an individual; and DOES 1 through 20, inclusive,<br><br>Defendants. | No. 8:19-cv-220<br><br>**COMPLAINT FOR:**<br><br>**(1) VIOLATION OF DEFENSE OF TRADE SECRETS ACT**<br>**(2) VIOLATION OF CALIFORNIA UNIFORM TRADE SECRET ACT**<br>**(3) VIOLATION OF CALIFORNIA BUS. & PROF. CODE § 17200**<br>**(4) BREACH OF CONTRACT**<br><br><u>**DEMAND FOR JURY TRIAL**</u> |

Plaintiffs M/A-COM Technology Solutions Inc. ("MACOM") and Mindspeed Technologies, S.A.S. ("Mindspeed SAS") (MACOM and Mindspeed SAS are referred to collectively as "Plaintiffs") complain and allege as follows against Defendants Jerome Garez, Litrinium Inc. and DOES 1 through 20:

## THE PARTIES

1. Plaintiff MACOM is a Delaware corporation with its principal place of business located at 100 Chelmsford Street, Lowell, Massachusetts. MACOM operates a design center in Santa Clara, California. In 2013, MACOM acquired Mindspeed Technologies, Inc. ("Mindspeed"), including all of Mindspeed's foreign subsidiaries.

2. Plaintiff Mindspeed SAS is a French corporation organized under the laws of France. It is wholly owned by Mindspeed, which is wholly owned by MACOM.

3. Defendant Jerome Garez ("Garez") is a former employee of Mindspeed SAS. During his time as an employee of Mindspeed SAS, he executed contracts in which he agreed to keep Mindspeed SAS's and any of its affiliated entities' information confidential.

4. MACOM is informed and believes, and thereupon alleges, that defendant Litrinium, Inc. ("Litrinium") is a Delaware corporation with its principal place of business located in Aliso Viejo, California. MACOM is informed and believes, and thereon alleges, that Litrinium opened an office in France, on or about March 7, 2018.

5. DOES 1 through 20 are persons or entities responsible in whole or in part for the wrongdoing alleged herein ("Doe Defendants"). Plaintiffs are informed and believe, and based thereon, allege that each of the Doe Defendants participated in, ratified, endorsed, or was otherwise involved in the acts complained of, and that they have liability for such acts. Plaintiffs will amend this Complaint if and when the identities of such persons or entities and/or the scope of their actions become known.

6. Jerome Garez, Litrinium, Inc. and the Doe Defendants, and their agents, affiliates, and other co-conspirators are collectively referred to as "Defendants."

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over the federal trade secret claim pursuant to 18 U.S.C. §§ 1836-39 *et seq*. and 28 U.S.C. §§ 1331 and 1343. The Court has supplemental jurisdiction over the state law claim alleged in this Complaint pursuant to 28 U.S.C. § 1367.

8. As set forth above, at least one Defendant resides in this judicial district. In addition, a substantial part of the events or omissions giving rise to the claims alleged in this Complaint occurred in this judicial district. Venue therefore properly lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1391(b)(1) and (2).

## BACKGROUND

9. Plaintiffs are in the business of designing, producing and selling semiconductor technologies for optical, wireless and satellite networks. Plaintiffs' business includes marketing and selling its products to customers across the United States and the world.

10. Plaintiffs sell many products in highly competitive markets. These products have short life cycles and require extensive research and development to meet market needs and demand. Accordingly, the ability to make design decisions based on both knowing what may or may not be successful, as well as knowledge about both the likely path to the marketplace based on information received from customers and internal work is highly valuable, and crucial to Plaintiffs' commercial success.

11. Plaintiffs take substantial steps to keep such information secret as such information is core to the success of their business. Among the steps that Plaintiffs take, Plaintiffs require that employees agree to contractual confidentiality obligations both during and after their employment period with Plaintiffs. Plaintiffs also have internal network security procedures to restrict access and insure that internal company information is not publically available. Plaintiffs also carefully monitor what information about their product plans is known to the public as well as the results of their internal development product efforts.

THOITS LAW
A PROFESSIONAL LAW CORPORATION
400 MAIN STREET, SUITE 250
LOS ALTOS, CALIFORNIA 94022
(650) 327-4200

12. The technology and non-public information at issue in this litigation generally concerns transimpedence amplifier ("TIA") designs and functionality. It is the technology that defendant Garez was principally responsible for within MACOM. A TIA, in electronics, is a current to voltage converter. TIAs are often used when setting an operational amplifier to amplify the signal from a sensor, such as a photodiode, and are often used in optical receiver applications. This market is highly competitive and Plaintiffs have developed an expertise in the design and development of these products. In particular, Plaintiffs developed two generations of 28 GHz TIAs that were incorporated into their products, including but not limited to MATA-03003, MATA-03006, MATA-03007 and others.

13. While at MACOM, defendant Garez was responsible for next generation TIAs including a PAM-4 TIA, 28G Burst Mode TIA, 28G Gen1 TIA, 10G Gen2 TIA, 28G APD TIA single and quad versions, and 28G PIN TIA single and quad versions. On information and belief, the development of these components at MACOM were of particular commercial interest to Litrinium.

14. Plaintiffs are informed and believe that Litrinium was formed in March 2016 by a former Mindspeed SAS employee, Najabat Bajwa.

15. Plaintiffs are informed and believe that Mr. Bajwa, after his departure from Plaintiffs' employment, continued to stay in contact with Garez and eventually recruited him to work for Litrinium. Based on information and belief, defendant Garez used Plaintiffs' resources and developed confidential and proprietary design concepts while employed by Mindspeed SAS, which were then incorporated into Litrinium products.

16. This confidential and proprietary information generally includes, but is not limited to, design concepts and data developed in connection with different versions of the 2nd generation design of the 28G TIA that defendant Garez was working on while employed by Mindspeed SAS, and in particular a 3rd generation 28 TIA, which was unrelated to his work at Mindspeed SAS. On information and belief, these designs were developed during business

hours, including the time period after he had given Plaintiffs notice of his departure from Mindspeed SAS.

17. On information and belief, prior to his departure from Mindspeed SAS, and during his regularly scheduled business trips to Plaintiffs' Newport Beach, California offices, defendant Garez utilized these trips to California to visit Litrinium and/or connect with Bajwa in order to coordinate defendant Garez's misappropriation of Plaintiffs' trade secrets.

18. On information and belief, due to the fact that the design and development of Plaintiffs' 2nd generation 28G TIA required substantial effort from multiple individuals employed by Plaintiffs, and not just defendant Garez, the misappropriation of trade secrets by defendant Garez is substantial, both in the amount of resources expended and scope.

19. Defendant Garez tendered his resignation from Mindspeed SAS in early 2018 and his employment terminated on March 6, 2018. Litrinium established an office in France at least as early as March 7, 2018.

## CLAIMS FOR RELIEF

### COUNT 1 – VIOLATION OF DEFENSE OF TRADE SECRETS ACT
(Against All Defendants)

20. Plaintiffs incorporate all of the above paragraphs as though fully set forth herein.

21. Plaintiffs own and possess certain confidential, proprietary, and trade secret information, as alleged above. Plaintiffs' trade secrets include valuable designs, data and sales information related to the development of TIAs and all iterations and advancements related to Plaintiffs' TIA technology, which includes all design choices made in connection with such products.

22. Plaintiffs' confidential, proprietary, and trade secret information relates to products and services used, sold, shipped and/or ordered in, or intended to be used, sold, shipped and/or ordered in, interstate and foreign commerce.

23. Plaintiffs have gone to great lengths to keep such information secret and

confidential.

24. Plaintiffs have at all times maintained stringent security measures to preserve the secrecy of Plaintiffs' trade secrets referenced herein. For example, Plaintiffs restrict access to confidential and proprietary trade secret information to only those individuals who "need to know." All networks hosting Plaintiffs' confidential and proprietary information have been and continue to be encrypted and have at all times required passwords. Computers, tablets, and cell phones provided to Plaintiffs' employees are encrypted, password protected, and subject to other security measures. Plaintiffs also secure their physical facilities by restricting access and then monitoring actual access with security cameras and guards.

25. Plaintiffs also require employees, contractors, consultants, vendors, and manufacturers to sign confidentiality agreements before any confidential or proprietary trade secret information is disclosed to them.

26. Due to these security measures, Plaintiffs' confidential and proprietary trade secret information is not available for others in the semiconductor industry – or any other industry – to use through any legitimate means.

27. Plaintiffs' confidential, proprietary, and trade secret information derives independent economic value from not being generally known to, and not being readily ascertainable through proper means by, another person who could obtain economic value from the disclosure or use of the information.

28. In violation of Plaintiffs' rights, Defendants misappropriated Plaintiffs' confidential, proprietary and trade secret information in the improper and unlawful manner as alleged herein. Defendants' misappropriation of Plaintiffs' confidential, proprietary, and trade secret information was intentional, knowing, willful, malicious, fraudulent, and oppressive.

29. On information and belief, if Defendants are not enjoined, Defendants will continue to misappropriate and use Plaintiffs' trade secret information for their own benefit and to Plaintiffs' detriment.

30. As the direct and proximate result of Defendants' conduct, Plaintiffs has suffered and, if Defendants' conduct is not stopped, will continue to suffer, severe competitive harm, irreparable injury, and significant damages, in an amount to be proven at trial. Because Plaintiffs' remedy at law is inadequate, Plaintiffs seek, in addition to damages, temporary, preliminary, and permanent injunctive relief to recover and protect their confidential, proprietary, and trade secret information and to protect other legitimate business interests. Plaintiffs' business operates in a competitive market and will continue suffering irreparable harm absent injunctive relief.

31. Plaintiffs have been damaged by all of the foregoing and are entitled to an award of exemplary damages and attorneys' fees.

WHEREFORE Plaintiffs pray for the relief specified below.

**COUNT 2 – VIOLATION OF CALIFORNIA UNIFORM TRADE SECRET ACT**
**Cal. Civ. Code § 3426 *et seq.***
**(Against both Defendants)**

32. Plaintiffs incorporate all of the above paragraphs as though fully set forth herein.

33. Plaintiffs' technical information, designs, and other "know how" related to Plaintiffs' TIA technology and implementation, as set forth above, constitute trade secrets as defined by California's Uniform Trade Secrets Act. Plaintiffs own and possess certain confidential, proprietary, and trade secret information, as alleged above.

34. Plaintiffs have undertaken efforts that are reasonable under the circumstances to maintain the secrecy of the trade secrets at issue. These efforts include, but are not limited to, the use of passwords and encryption to protect data on Plaintiffs' computers, servers, and source code repositories, and a culture that reminds all employees' of their duties to maintain the secrecy of Plaintiffs' confidential information, and the use of confidentiality agreement, as well as the use of and non-disclosure agreements to require vendors, partners, contractors, and employees to maintain the secrecy of Plaintiffs' confidential information.

35. Defendants knew or should have known under the circumstances that the

information misappropriated by Defendants were trade secrets.

36. Defendants misappropriated and threaten to further misappropriate trade secrets at least by acquiring trade secrets with knowledge of or reason to know that the trade secrets were acquired by improper means, and Defendants are using and threatening to use the trade secrets acquired by improper means without Plaintiffs knowledge or consent.

37. As a direct and proximate result of Defendants' conduct, Plaintiffs are threatened with injury and have been injured in an amount in excess of the jurisdictional minimum of this Court and that will be proven at trial. Plaintiffs have also incurred, and will continue to incur, additional damages, costs and expenses, including attorneys' fees, as a result of Defendants' misappropriation. As a further proximate result of the misappropriation and use of Plaintiffs' trade secrets, Defendants were unjustly enriched.

38. The aforementioned acts of Defendants were willful, malicious and fraudulent. Plaintiffs are therefore entitled to exemplary damages under California Civil Code § 3426.3(c).

39. Defendants' conduct constitutes transgressions of a continuing nature for which Plaintiffs have no adequate remedy at law. Unless and until enjoined and restrained by order of this Court, Defendants will continue to retain and use Plaintiffs' trade secret information to enrich themselves and divert business from Plaintiffs, as Defendants are currently creating, marketing competing products based on the misappropriated 2nd generation 28G TIA trade secrets. Pursuant to California Civil Code § 3426.2, Plaintiffs are entitled to an injunction against the misappropriation and continued threatened misappropriation of trade secrets as alleged herein and further asks the Court to restrain Defendants from using all trade secret information misappropriated from Plaintiffs and to return all trade secret information to Plaintiffs.

40. Pursuant to California Civil Code § 3426.3 and related law, Plaintiffs are entitled to exemplary damages for Defendants' misappropriation of trade secrets due to Defendants' willful and malicious misappropriation of trade secrets in a way specifically designed to harm

1  Plaintiffs and their business

2  41. Pursuant to California Civil Code § 3426.4 and related law, Plaintiffs are entitled to an award of attorneys' fees for Defendants' misappropriation of trade secrets due to Defendants' willful and malicious misappropriation of trade secrets in a way specifically designed to harm Plaintiffs and their business.

WHEREFORE Plaintiffs pray for the relief specified below.

### COUNT III – VIOLATION OF CALIFORNIA BUS. & PROF. CODE § 17200
(Against All Defendants)

42. Plaintiffs incorporate all of the above paragraphs as though fully set forth herein.

43. Defendants engaged in unlawful, unfair, and fraudulent business acts and practices. Such acts and practices include, but are not limited to, misappropriating Plaintiffs' confidential and proprietary information while still employed by Mindspeed SAS, conspiring to defraud Plaintiffs through said misappropriation of trade secrets, and willfully and knowingly doing so for months before Plaintiffs began to suspect that such theft and fraud had been perpetuated.

44. Defendants' business acts and practices were unlawful as described above.

45. Defendants' business acts and practices were fraudulent in that a reasonable person would likely be deceived by their material misrepresentations and omissions. Defendants have acquired and used Plaintiffs' confidential and proprietary trade secret information through material misrepresentations and omissions.

46. Defendants' business acts and practices were unfair in that the substantial harm suffered by Plaintiffs outweighs any justification that Defendants may have for engaging in those acts and practices.

47. Plaintiffs have been harmed as a result of Defendants' unlawful, unfair, and fraudulent business acts and practices. Plaintiffs are entitled to (a) recover restitution, including without limitation, all benefits that Defendants received as a result of their unlawful, unfair, and

THOITS LAW
A PROFESSIONAL LAW CORPORATION
400 MAIN STREET, SUITE 250
LOS ALTOS, CALIFORNIA 94022
(650) 327-4200

fraudulent business acts and practices and (b) an injunction restraining Defendants from engaging in further acts of unfair competition.

WHEREFORE Plaintiffs pray for the relief specified below.

### COUNT IV – BREACH OF CONTRACT
### (Against Jerome Garez)

48. Plaintiffs incorporate all of the above paragraphs as though fully set forth herein.

49. Defendant Garez entered into a written contract with Mindspeed SAS where he agreed to keep all of Plaintiffs' proprietary and non-public information confidential. The obligation to keep such information confidential extended beyond the end of his employment with Plaintiffs.

50. Plaintiffs performed all of their obligations under the contract, or were excused therefrom by Garez's conduct.

51. Garez breached his obligations under the contract by disclosing and/or using Plaintiffs' confidential information at Litrinium or elsewhere for his benefit, and by developing technology derived from Plaintiffs' trade secrets during his employment with Plaintiffs, that he misappropriated and used to directly compete with Plaintiffs while at Litrinium. Defendants' business acts and practices were unfair in that the substantial harm suffered by Plaintiffs outweighs any justification that Defendants may have for engaging in those acts and practices.

52. Because of Garez's breach, Plaintiffs have been damaged.

WHEREFORE Plaintiffs pray for the relief specified below.

### PRAYER FOR RELIEF

1. The Court impose a constructive trust on all individuals and entities who come in possession or receive benefit from the use of Plaintiffs' trade secrets and/or confidential information;

2. The Court issue an injunction prohibiting Defendants and or non-parties who come in receipt of Plaintiffs' confidential or trade secret information or using it in any manner

1 until it is returned to Plaintiffs' possession;

2     3. Plaintiffs be awarded damages to the full amount provided by law;

3     4. Plaintiffs be made whole by recovery of Defendants' unjust enrichment through misappropriation of Plaintiffs' trade secrets;

5     5. Plaintiffs be awarded exemplary damages in conformity with the law;

6     6. Plaintiffs be awarded attorneys' fees pursuant to California Civil Code § 3426.4; and

8     7. All other appropriate relief in light of the facts proven and the applicable law.

Dated: February 4, 2019

**THOITS LAW**
**Attorneys for Plaintiffs M/A-COM**
**Technology Solutions Inc.**
**and Mindspeed Technologies, S.A.S**

/s/ Andrew P. Holland
**Andrew P. Holland/Bar No. 224737**
**Mark V. Boennighausen/Bar No. 142147**
**Erin M. Doyle/Bar No. 233113**
**Misasha S. Graham/Bar No. 237187**
A Professional Corporation
400 Main Street, Suite 250
Los Altos, California 94022
Telephone: (650) 327-4200
Facsimile: (650) 325-5572
Email:   aholland@thoits.com
           mboennighausen@thoits.com
           edoyle@thoits.com
           mgraham@thoits.com

/ / /

/ / /

/ / /

/ / /

/ / /

137224.019/1219138

11

COMPLAINT

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all issues so triable.

Dated: February 4, 2019

                                    **THOITS LAW**
                      **Attorneys for Plaintiffs M/A-COM**
                          **Technology Solutions Inc.**
                    **and Mindspeed Technologies, S.A.S**

*/s/ Andrew P. Holland*
**Andrew P. Holland/Bar No. 224737**
**Mark V. Boennighausen/Bar No. 142147**
**Erin M. Doyle/Bar No. 233113**
**Misasha S. Graham/Bar No. 237187**
A Professional Corporation
400 Main Street, Suite 250
Los Altos, California 94022
Telephone: (650) 327-4200
Facsimile: (650) 325-5572
Email:    aholland@thoits.com
             mboennighausen@thoits.com
             edoyle@thoits.com
             mgraham@thoits.com

THOITS LAW
A PROFESSIONAL LAW CORPORATION
400 MAIN STREET, SUITE 250
LOS ALTOS, CALIFORNIA 94022
(650) 327-4200

137224.019/1219138

12

COMPLAINT