Michael I. Katz (CA State Bar No. 181728)
   mkatz@mabr.com
Charles S. Barquist (CA State Bar No. 133785)
   cbarquist@mabr.com
Jared J. Braithwaite (CA State Bar No. 288642)
   jbraithwaite@mabr.com
MASCHOFF BRENNAN
100 Spectrum Center Drive, Suite 1200
Irvine, California 92618
Telephone:  (949) 202-1900
Facsimile:   (949) 453-1104

Attorneys for Defendant LITRINIUM, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| **MACOM Technology Solutions Inc.**, a Delaware corporation; **Mindspeed Technologies, S.A.S.**, a French corporation,<br><br>Plaintiffs;<br><br>v.<br><br>**Litrinium, Inc.**, a Delaware corporation; **Jerome Garez**, an individual; and **Does 1 through 20**, inclusive,<br><br>Defendants. | Case No. 8:19cv-00220-JVS-JDE<br><br>**Defendant Litrinium, Inc.'s Request for Judicial Notice in Support of Motion to Dismiss Plaintiffs' First Amended Complaint**<br><br>Assigned to:    Hon. James V. Selna<br>Trial Date:     None set<br>Hearing Date: June 3, 2019, 1:30 p.m. |

    In accordance with Federal Rule of Evidence 201, Defendant Litrinium, Inc. ("Litrinium") respectfully requests that the Court consider the publicly available documents and United States patent documents attached as Exhibits 1–16 to the concurrently filed Declaration of Michael I. Katz. The Court may take judicial notice of the public availability of these documents.

## I. LEGAL STANDARD

When ruling on a Rule 12(b)(6) motion, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and *matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 321 (2007) (emphasis added).

Pursuant to Federal Rule of Evidence 201, a court may take judicial notice of relevant facts that are "not subject to reasonable dispute." Fed. R. Evid. 201(b). This includes facts that are "generally known within the trial court's territorial jurisdiction," and facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Id.* A court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c).

## II. THE PUBLIC AVAILABILITY OF INFORMATION IN AN ARTICLE OR ON A WEBSITE MAY BE CONSIDERED IN CONNECTION WITH LITRINIUM'S MOTION TO DISMISS

Information available to the public on a publicly available articles or websites, including on a party's website, is subject to judicial notice because its availability is not subject to reasonable dispute. *See Holiotrope General, Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n. 18 (9th Cir. 1999) ("We take judicial notice that the market was aware of the information contained in news articles submitted by the defendants."); *O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218, 1225 (10th Cir. 2007) ("It is not uncommon for courts to take judicial notice of factual information found on the world wide web."); *Coremetrics, Inc. v. AtomicPark.com, LLC*, 370 F. Supp. 2d 1013, 1021 (N.D. Cal. 2005) (taking judicial notice of the contents of a defendant's website); *Hendrickson v. eBay, Inc.*, 165 F. Supp. 2d 1082, 1084 n.2 (C.D. Cal. 2001) (taking judicial notice of information contained on eBay's website). Importantly, Litrinium requests only that the Court take judicial notice of the public availability of the content of these articles and

websites not for the truth of matters asserted therein. *See Spy Optic, Inc. v. Alibaba.Com, Inc.*, 163 F. Supp. 3d 755, 762 (C.D. Cal. 2015) ("Courts may take judicial notice of the fact that an internet article is available to the public, but it may not take judicial notice of the truth of the matters asserted in the article.").

Accordingly, Litrinium respectfully request that the Court judicially notice and consider the publicly available articles and website contents attached as Exhibits 1–2 to the accompanying Declaration of Michael I. Katz:

- "CMOS Transimpedance Amplifier with AGC for Fiber Optic Networks up to 622 Mbps," which is available from MACOM's website at the following address: https://cdn.macom.com/datasheets/M02011.pdf.
- "Optoelectronics & Photonics," which is available from MACOM's website at the following address: https://www.macom.com/files/live/sites/ma/files/pdf/OptoBrochure_2018_072518_lr.pdf.

## III. PUBLIC PATENT DOCUMENTS MAY BE CONSIDERED IN CONNECTION WITH LITRINIUM'S MOTION TO DISMISS

"Patents are 'matter[s] of public record and the proper subject of judicial notice.'" *Sebastian Brown Prods. LLC v. Muzooka Inc.*, 2016 WL 949004, *5 n.1 (N.D. Cal. Mar. 14, 2016) (quoting *X One, Inc. v. Uber Techs., Inc.*, 2017 WL 878381, *4 (N.D. Cal. Mar. 6, 2017)); *see also Profil Institut fur Stoffwechselforschung GmbH v. ProSciento, Inc.*, 2017 WL 1198992, *2 (S.D. Cal. Mar. 31, 2017) (taking judicial notice of patent in CUTSA case). Accordingly, Litrinium respectfully request that the Court judicially notice and consider the United States patents and published patent applications attached as Exhibits 3–16 to the accompanying Declaration of Michael I. Katz:

- U.S. Patent No. 5,343,160, entitled "Fully Balanced Transimpedance Amplifier with Low Noise and Wide Bandwidth," issued on August 30, 1994, and which was initially assigned to TriQuint Semiconductor, Inc.

- U.S. Patent No. 5,602,510, entitled "Automatic Transimpedance Control Amplifier Having a Variable Impedance Feedback," issued on February 11, 1997, and which was initially assigned to Anadigics, Inc.
- U.S. Patent No. 5,646,573, entitled "Automatic Gain-Control Transimpedance Amplifier," issued on July 8, 1997, and which was initially assigned to Anadigics, Inc.
- U.S. Patent No. 6,084,478, entitled "Transimpedance Amplifier with Automatic Gain Control," issued on July 4, 2000, and which was initially assigned to Vitesse Semiconductor Corp.
- U.S. Patent No. 6,504,429, entitled "Wide Dynamic Range Transimpedance Amplifier," issued on January 7, 2003, and which was initially assigned to Sirenza Microdevices, Inc.
- U.S. Patent No. 7,605,660, entitled "Linear Multi-stage Transimpedance Amplifier," issued on October 20, 2009, and which was initially assigned to RF Micro Devices, Inc.
- U.S. Patent No. 8,509,629, entitled "High Sensitivity Two-Stage Amplifier," issued on August 13, 2013, and which was initially assigned to Mindspeed Technologies, Inc.
- The U.S. Patent and Trademark Office's assignment record for the U.S. Patent No. 8,509,629, which shows MACOM Technology Solutions Holdings, Inc. as the current assignee.
- U.S. Patent No. 9,030,263, entitled "Transimpedance Amplifier (TIA) Circuit and Method," issued on May 12, 2015, and which was initially assigned to Avago Technologies General IP (Singapore) Pte. Ltd.
- U.S. Patent No. 9,577,753, entitled "Transimpedance Amplifier," issued on February 21, 2017, and which was initially assigned to Sumitomo Electric Industries, Ltd.

- U.S. Patent Application Publication No. 2004/0129862, entitled "Wideband Transimpedance Amplifier with Automatic Gain Control," which was published on July 8, 2004.
- U.S. Patent Application Publication No. 2005/0200421, entitled "Transimpedance Amplifier with Differential Peak Detector," and which was published on September 15, 2005.
- U.S. Patent Application Publication No. 2017/0026011, entitled "Transimpedance Amplifier with Bandwidth Extender," published on January 26, 2017, and which was initially assigned to Mindspeed Technologies, Inc.
- The U.S. Patent and Trademark Office's assignment record for the U.S. Patent Application Publication No. 2017/0026011, which shows MACOM Technology Solutions Holdings, Inc. as the current assignee.

## IV. CONCLUSION

For the foregoing reasons, Litrinium respectfully requests that the Court judicially notice and consider the publicly available documents and patent documents attached as Exhibits 1–16 to the concurrently filed Declaration of Michael I. Katz in connection with Defendant Litrinium's Motion to Dismiss Plaintiffs' First Amended Complaint.

DATED: May 6, 2019

Respectfully, Submitted,

MASCHOFF BRENNAN

By: /s/ Michael I. Katz
Michael I. Katz
Charles S. Barquist
Jared J. Braithwaite

Attorneys for Defendant LITRINIUM, INC.